UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAMON LUNA, | ) | CASE NO. 1:12 CV 2594 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| CITY OF CLEVELAND POLICE DEPARTMENT, *et al.*, | ) ) ) | **MEMORANDUM OF OPINION & ORDER** |
| Defendants. | ) ) | |

*Pro se* Plaintiff Ramon Luna filed this civil rights action under 42 U.S.C. § 1983 against the City of Cleveland Police Department, Cuyahoga County Prosecutor William Mason, Assistant Cuyahoga County Prosecutor Deborah Naiman, and Cuyahoga County Court of Common Pleas Judge Peter J. Corrigan. In the Complaint, Plaintiff alleges Defendants deprived him of his constitutional rights during the course of criminal proceedings in the Cuyahoga County Court of Common Pleas. He seeks monetary relief.

### I. Background

Plaintiff is a state prisoner currently incarcerated at the Marion Correctional Institution in Marion, Ohio. (Doc. 1 at 2). He alleges that, on September 17, 2007, he arrived at Cleveland Hopkins Airport and checked into the Best Value Inn, located at 14043 Brookpark Road in Brookpark, Ohio. (Doc. 1 at 2). Plaintiff claims he had a number of items in his possession at this time, including various items of clothing, an I-pod, several cell phones, a wallet, credit cards, a Mexican visa and driver's license, and jewelry. (Doc. 1 at 3).

1

On September 21, 2007, Plaintiff was arrested in a warehouse in Lakewood, Ohio by detectives from the Defendant City of Cleveland Police Department ("CPD") in connection with an undercover drug operation. (Doc. 1 at 3; Doc. 1-1 at 4-7). On that same date, Defendant CPD obtained a search warrant for Room 406 of the Best Value Inn.[1] (Doc. 1-1 at 2-7). Plaintiff alleges CPD Detective Thomas Klamert mistakenly executed the search warrant on Room 403 of the Best Value Inn, where Plaintiff was apparently staying. (Doc. 1 at 4). He asserts Detective Klamert confiscated Plaintiff's personal property and failed to record all of the seized items. (Doc. 1 at 4; Doc. 1-2 at 2).

On September 26, 2007, Plaintiff was indicted on (1) two counts of trafficking in marijuana in violation of Ohio Rev. Code 2925.03(A)(1) in an amount equal to or exceeding twenty thousand grams (Counts 1 and 2); (2) possession of drugs in violation of Ohio Rev. Code 2925.11(A) (Count 3); and (3) possession of criminal tools in violation of Ohio Rev. Code 2923.24(A) (Count 4). (Doc. 1-3 at 2-5). These charges included forfeiture specifications related to cell phones, currency, and certain items of jewelry (i.e. a watch, ring and bracelet) belonging to Plaintiff. (Doc. 1-3 at 2-5).[2] Plaintiff alleges the forfeiture specifications failed to sufficiently identify the property subject to forfeiture. (Doc. 1 at 6).

Plaintiff was arraigned on October 1, 2007 and entered pleas of not guilty to all charges. On February 19, 2008, pursuant to a plea agreement, Plaintiff pled guilty to one count of trafficking (Count 1) and one count of possession (Count 3), as amended to reflect an amount by weight between five thousand and twenty thousand grams. The remaining two counts of the indictment (i.e. Counts 2 and 4) were thereafter nolled. The state court docket indicates Plaintiff agreed to the forfeiture specifications in Counts 1 and 3 as part of his plea agreement. *See State v. Luna*,

---

[1] This search warrant authorized Defendant CPD detectives to search Room 406 for evidence relating to drug trafficking, including marijuana, firearms, currency, cell phone records, records of illegal drug transactions, bank records, etc. (Doc. 1-1 at 2-3).

[2] The forfeiture specifications also listed a semi tractor-trailer truck, which apparently belonged to a co-defendant, Abel Avalos. (Doc. 1-3 at 2-5).

2

Cuyahoga County Case No. CR-07-501245-B (Cuy. Cty. Ct. Cmn. Pl).

On April 7, 2008, Judge Corrigan sentenced Plaintiff to six years imprisonment and ordered him to pay court costs. *See State v. Luna*, Cuyahoga County Case No. CR-07-501245-B (Cuy. Cty. Ct. Cmn. Pl). Plaintiff asserts in the Complaint that "there was no disposition of the Forfeiture Specifications [at his sentencing] either in the form of a written plea agreement surrendering Plaintiff's property or of a statement before the Court on the record that agreed to the surrender of Plaintiff's property seized by the State." (Doc. 1 at 7). The docket reflects Judge Corrigan thereafter entered an Order of Forfeiture with regard to Plaintiff's currency in the amount of $96.00. (Doc. 1-5 at 2-3).

Plaintiff filed a timely appeal. On January 28, 2009, the state appellate court *sua sponte* remanded Plaintiff's appeal to the trial court for correction pursuant to Ohio App. R. 9(E). In its Order, the appellate court explained that "[t]he trial court's sentencing journal entry . . . does not contain any disposition of the forfeiture specs as contained within Counts One and Three" and, therefore, failed to comply with *State v. Baker*, 119 Ohio St.3d 197 (2008). (Doc. 1-6).

Judge Corrigan subsequently entered a corrected Journal Entry on March 23, 2009, which stated that "Defendant voluntarily enters a forfeiture of all interest in all items confiscated, including but not limited to: cell phones; tractor-trailer truck VIN # 1FUJA6CG12LH34057; U.S. Currency in the amount of $96.00; a watch, ring, bracelet, and jewelry." (Doc. 1-7 at 2). Plaintiff asserts he "did not attend a Forfeiture hearing with respect to the Corrected Journal Entry nor did Plaintiff voluntarily enter into in writing or on the record a forfeiture of all interest in all items confiscated as set forth in the Corrected Journal Entry." (Doc. 1 at 8).

After the trial court corrected its sentencing entry, Plaintiff's appeal proceeded in the Eighth District Court of Appeals of Ohio. Among other things, Plaintiff argued the trial court erred in sentencing him to pay court costs "without addressing the issue of court costs at the sentencing hearing and by not considering [his] ability to pay a monetary sanction." *State v. Luna*, 2009 WL 1623107 at * 2 (Ohio App. 8th Dist. June 11, 2009). The appellate court rejected this argument,

finding that "[a]lthough the trial court did not address court costs during the sentencing hearing, nothing in the transcript indicates Luna was prevented from raising the issue of his ability to pay costs." *Id.* at * 3.  The appellate court also rejected Plaintiff's other assignments of error, and affirmed Plaintiff's convictions and sentence. *Id.*

Plaintiff timely appealed to the Ohio Supreme Court.  In June 2010, that court reversed the appellate court on the issue of the imposition of court costs and remanded to the trial court for further proceedings. *State v. Luna*, 126 Ohio St.3d 53 (2010).  Shortly thereafter, the trial court issued a Judgment Entry waiving court costs. (Doc. 1-9 at 2). Plaintiff claims he had already paid approximately $432.00 in court costs by the time the trial court issued this Judgment Entry.  (Doc. 1 at 9).  Accordingly, in October 2010, he filed a *pro se* "Petition to Return Court Costs" in the trial court.  *See  State v. Luna*, Cuyahoga County Case No. CR-07-501245-B (Cuy. Cty. Ct. Cmn. Pl). The state court docket reflects Judge Corrigan granted Plaintiff's Petition on January 14, 2011.  *Id*.  Plaintiff claims, however, that none of his court costs have been refunded to him. (Doc. 1 at 9).

Meanwhile, Plaintiff filed several motions in the trial court attempting to obtain the return of his seized property.  On December 21, 2009, Plaintiff filed in the trial court a *pro se* "Motion to Return Personal Property," seeking the return of his clothing, I-pod, cell phones, wallet, credit cards, and Mexican visa, driver's license, and voter's I.D. card. (Doc. 1-8 at 2-3). Defendant Naiman filed a Brief in Opposition on December 30, 2009. *See State v. Luna*, Cuyahoga County Case No. CR-07-501245-B (Cuy. Cty. Ct. Cmn. Pl).  While Plaintiff claims Judge Corrigan failed to rule on Plaintiff's Motion, the state court docket indicates Judge Corrigan denied Plaintiff's Motion on January 15, 2010.  *See State v. Luna*, Cuyahoga County Case No. CR-07-501245-B (Cuy. Cty. Ct. Cmn. Pl).

Plaintiff filed the instant Complaint on October 17, 2012, raising five counts.  In Count One, Plaintiff alleges Defendant CPD violated his due process rights by failing to properly inventory and preserve his seized property.  Count Two alleges Defendant CPD violated Plaintiff's due process rights because the September 2007 search warrant was "issued upon an improper and inaccurate

4

Affidavit and executed upon the incorrect room." (Doc. 1 at 11). Count Three alleges due process violations based on (1) Defendant CPD's alleged failure to list all the property removed from Plaintiff's hotel room, and (2) Defendants Naiman and Mason's failure to specify the seized property in the forfeiture specifications in the indictment. Count Four alleges Judge Corrigan and Defendants Naiman and Mason violated Plaintiff's due process rights by failing to conduct a forfeiture hearing and inaccurately stating in the trial court's March 2009 Corrected Journal Entry that Plaintiff had entered a voluntary forfeiture of his property. Finally, Count Five alleges Judge Corrigan violated Plaintiff's due process rights by failing to refund his court costs. Plaintiff seeks monetary relief.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. Judicial Immunity

As an initial matter, the Court finds Judge Corrigan is immune from liability as a matter of law. Judicial officers are generally absolutely immune from civil suits for money damages. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. *See also Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

Plaintiff cannot overcome the presumption of immunity under the first criteria. The determination of whether an action is performed in the defendant's judicial capacity depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the Court must determine whether the conduct giving rise to the claim is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions

normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the Court to assess whether the plaintiff dealt with the judicial officers in their respective judicial roles.

Applying these principles, it is evident on the face of the pleading that Judge Corrigan was acting in his judicial capacity at all times that the conduct alleged in the Complaint occurred. Presiding over criminal proceedings are actions normally performed by state trial court judges. Furthermore, Plaintiff interacted with Judge Corrigan only when he was performing his duties as a judicial officer. Plaintiff cannot overcome the broad application of judicial immunity under this criteria.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes,* 105 F.3d at 1116. When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge will not be deprived of immunity because the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Conversely, merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, there are no allegations in any of Plaintiff's filings which reasonably suggest that Judge Corrigan acted outside of the subject matter jurisdiction of the Cuyahoga County Court of Common Pleas. Plaintiff contends Judge Corrigan issued orders which he believes to be contrary to law. If these allegations are true, Plaintiff's remedy is an appeal of the order in question. He does not have recourse against Judge Corrigan for damages in a civil rights action. Accordingly, Plaintiff's claims against Judge Corrigan fail to state claims upon which relief may be granted and are summarily dismissed pursuant to § 1915(e).

    **B.**    **Prosecutorial Immunity**

The Court also finds the Complaint does not assert viable claims against Defendants Mason and Naiman. These Defendants are Cuyahoga County Prosecutors and are being sued for their conduct in prosecuting Plaintiff for drug charges. Prosecutors, however, are entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *See Imbler*, 424 U.S. at 424-25.

Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002).

In this instance, the challenged actions of Cuyahoga County Prosecutors Bill Mason and Deborah Naiman were all intimately associated with the judicial phase of Plaintiff's prosecution. The Complaint contains no facts which indicate these Defendants participated in any kind of activity that might fall outside their role as advocates in prosecuting and presenting the state's case against Plaintiff. Consequently, these Defendants are entitled to absolute immunity and Plaintiff's claims against Defendants Mason and Naiman are dismissed pursuant to § 1915(e).

    **C.**    **Defendant CPD**

In light of the above, the only remaining Defendant in this action is the CPD. For the following reasons, the Court finds Plaintiff's claims against this Defendant fail to state claims upon

8

which relief may be granted and are subject to *sua sponte* dismissal under § 1915(e).

As an initial matter, Plaintiff cannot maintain claims against the Cleveland Police Department. It is well-established that municipal police departments are not legal entities capable of being sued in their own right for purposes of § 1983. *See e.g. Lawson v. City of Youngstown*, 2012 WL 6154974 at * 3 (N.D. Ohio Dec. 11, 2012); *Carmichael v. City of Cleveland*, 881 F.Supp.2d 833, 841 (N.D. Ohio 2012); *Lathan v. City of Cleveland*, 2012 WL 1708762 at * 2 (N.D. Ohio May 15, 2012); *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D. Ohio 2000). In light of the above, the Court finds Defendant CPD is not a proper defendant in this action.

To the extent the Complaint could be construed as asserting a claim against the governing body of the City of Cleveland, that claim would also lack merit. Local governments may be sued under § 1983 only when the "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts the injury that forms the basis of the claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality can therefore be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690. *See also DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

In the instant case, in order to hold the City of Cleveland liable, Plaintiff must identify the offending policy, connect the policy to the City itself, and show that his particular injury was incurred because of the execution of that policy. *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). The Complaint in the instant case fails to satisfy this standard. There is no mention anywhere in the Complaint of any policy or custom of the City of Cleveland relating to the seizure and forfeiture of Plaintiff's personal property. Moreover, there is no suggestion on the face of the Complaint that the due process violations alleged in the Complaint were in any way related to the execution of a policy, ordinance, or regulation officially adopted by the City of Cleveland. Accordingly, even liberally construed, Plaintiff's due process claims against Defendant CPD fail to

state claims upon which relief may be granted as a matter of law and are dismissed.[4]

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

          /s/Dan Aaron Polster 2/22/13
          DAN AARON POLSTER
          UNITED STATES DISTRICT JUDGE

---

[4] Even if the Court were to consider the merits of Plaintiff's claims, it would find Plaintiff is not entitled to relief. Plaintiff's claims attack the forfeiture specifications imposed as part of his negotiated plea and sentence. It is well-established that a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The forfeiture specifications at issue in the Complaint were specifically addressed and included in Plaintiff's criminal sentence. As Plaintiff's due process claims relating to the forfeiture specs would necessarily implicate the validity of that portion of his sentence, and he has not demonstrated that his conviction and sentence has been set aside, Plaintiff's claims are not cognizable in a § 1983 civil rights action. *See e.g. Rashid v. U.S.,* 2006 WL 3193430 (3rd Cir. Nov. 6, 2006); *Penland v. Carolina First Bank*, 2008 WL 1736858 at * 4 (D.S.C. April 15, 2008); *McGee v. United States*, 2009 WL 909589 at * 4 (W.D. Mich. March 31, 2009). Moreover, in order to properly raise his claims, the appropriate course of action would have been to raise his constitutional claims on appeal. Although Plaintiff filed a timely direct appeal, the state appellate court decision indicates Plaintiff failed to raise his due process claims relating to the seizure and forfeiture of his personal property at that time. It appears from the state court docket that Plaintiff did raise his forfeiture claims in his "Motion to Return Personal Property," filed in the state trial court in December 2009. The docket reflects the state court denied Plaintiff's motion on January 15, 2010. Thus, even if cognizable, Plaintiff's claims would be barred by *res judicata*.

[5] 28 U.S.C. § 1915(a)(3) provides "[a] n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.